THOMAS LIGGETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13550.    Promulgated October 4, 1928.

*W. D. McBryar, Esq.*, for the petitioner.
*A. H. Murray, Esq.*, for the respondent.

OPINION.

MORRIS: The question presented is the deductibility of $12,428.42 claimed by petitioner as a bad debt. The respondent contends that the larger portion of the amount represents a gift and that the remainder thereof is a personal expenditure, and, therefore, is not an allowable deduction.

The testimony of the petitioner shows that he received no note or notes or other evidence of indebtedness from his mother-in-law, or either of her two sons, and he testified that he looked to Willard Say for reimbursement until the latter's death. Willard Say, as the testimony discloses, committed suicide in the year 1918 or 1919, leaving an insolvent estate. Therefore, it is evident, that if he was obligated to reimburse the petitioner for the amounts advanced to his mother, the amount of the indebtedness which had accrued at

the date of his death became absolutely worthless at that time. With respect to the amounts advanced subsequently to the death of Willard, we can find nothing in the evidence tending to show that a relationship of debtor-creditor ever existed between the petitioner and Elizabeth S. Say, either before the death of her son or thereafter. From the very nature of things we can see no tangible distinction between the amounts advanced by the petitioner for the support of his mother-in-law during her lifetime and the amount of $95.47 which he voluntarily advanced for the closing of her estate.

We must, therefore, because of failure on the part of the petitioner to adduce sufficient evidence to overcome the prima facie correctness of the respondent's determination, sustain his findings.

*Judgment will be entered for the respondent.*